1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACOB E. WENDELIN, | ) | Case No. ED CV 13-1920-SP |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**I.**

**INTRODUCTION**

On October 31, 2013, plaintiff Jacob E. Wendelin filed a complaint against the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

1

Plaintiff presents two issues for decision: (1) whether the administrative law judge ("ALJ") and Appeals Council properly considered the opinions of treating physicians Dr. Guia Montenegro and Dr. W. Edison Houpt Jr., which were submitted after the ALJ's hearing decision, and whether this new evidence requires remand; and (2) whether the ALJ properly considered lay witness testimony. Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 4-10; Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-6.

Having carefully studied the parties' written submissions, the Administrative Record ("AR"), the decision of the ALJ, and the Appeals Council's denial, the court concludes that, as detailed herein, the Appeals Council erred in failing to consider the opinion of Dr. Houpt, the new evidence including Dr. Montenegro's opinion requires remand, and the ALJ failed to properly consider lay testimony. Therefore, the court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 29 years old on his alleged disability onset date, is a high school graduate. AR at 167, 221. Plaintiff has past relevant work as a shipping clerk and laborer/store. *Id.* at 123-24.

On January 15, 2008, plaintiff protectively filed applications for a period of disability, DIB, and SSI due to a head injury and learning disability. *Id.* at 131-32, 180. The Commissioner denied plaintiff's application initially. *Id.* at 139-42.

On August 5, 2010 and September 2, 2010, plaintiff again filed applications for a period of disability, DIB, and SSI, alleging an onset date of October 30, 2008, due to traumatic brain injury, bipolar disease, depression, and attention

deficit disorder.[1]  *Id.* at 133-34, 217, 221.  The Commissioner denied plaintiff's applications initially and upon reconsideration, after which he filed a request for a hearing.  *Id.* at 144-47, 150-55.

On December 29, 2011, plaintiff, represented by counsel, appeared and testified before the ALJ.  *Id*. at 74-130.  Medical expert Dr. Joseph Malancharuvil, vocational expert Ronald Hatakeyama, and plaintiff's father also provided testimony.  *See id.*  On January 20, 2012, the ALJ denied plaintiff's claim for benefits.  *Id*. at 23-35.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since October 30, 2008, the alleged onset date.  *Id.* at 25.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: post traumatic brain injury; cognitive disorder; mood disorder, not otherwise specified; personality disorder, not otherwise specified; anxiety disorder, not otherwise specified; and substance abuse.  *Id*.

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings").  *Id.* at 26.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[2] and

---

[1]  Initially, plaintiff alleged a disability onset date of September 1, 2007.  *See* AR at 167.

[2]  Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

3

1  determined that plaintiff had the capacity to perform a full range of work at all
2  exertional levels, but with the nonexertional limitations that plaintiff: (1) was
3  limited to simple repetitive tasks in a habituated work setting with work that does
4  not include safety operations, fast paced work such as assembly line work,
5  hazardous or moving machinery, unprotected heights, and jobs requiring hyper
6  vigilance; (2) was limited to no public contact and non-intense contact with co-
7  workers and supervisors; and (3) required close supervision where a supervisor
8  can check the work twice in the morning and twice in the afternoon.  *Id.* at 28.

9       The ALJ found, at step four, that plaintiff was unable to perform his past
10  relevant work.  *Id.* at 34.

11       At step five, the ALJ found there were jobs that existed in significant
12  numbers in the national economy that plaintiff could perform, including packager,
13  linen room attendant, and cleaner/industrial.  *Id.* at 34-35.  Consequently, the ALJ
14  determined that plaintiff did not suffer from a disability as defined by the Social
15  Security Act.  *Id* at 35.

16       Plaintiff filed a request for review of the hearing decision on March 15,
17  2012.  *Id.* at 18.  On December 21, 2012, plaintiff submitted additional evidence
18  for the Appeals Council to consider, an opinion by Dr. Montenegro dated February
19  21, 2012.  *Id*. at 303-07.  On December 26, 2012, plaintiff submitted an opinion by
20  Dr. Houpt dated December 19, 2012.  *See id.* at 2; P. Mem., Ex. 1.  The Appeals
21  Council denied plaintiff's request for review on August 21, 2013.  AR at 1-4.

22       The ALJ's decision stands as the final decision of the Commissioner.

## III.

## <u>STANDARD OF REVIEW</u>

25       This court is empowered to review decisions by the Commissioner to deny
26  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security
27  Administration must be upheld if they are free of legal error and supported by

28

1  substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)

2  (as amended).  But if the court determines that the ALJ's findings are based on

3  legal error or are not supported by substantial evidence in the record, the court

4  may reject the findings and set aside the decision to deny benefits.  *Aukland v.*

5  *Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d

6  1144, 1147 (9th Cir. 2001).

7      "Substantial evidence is more than a mere scintilla, but less than a

8  preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such

9  "relevant evidence which a reasonable person might accept as adequate to support

10  a conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

11  F.3d at 459.  To determine whether substantial evidence supports the ALJ's

12  finding, the reviewing court must review the administrative record as a whole,

13  "weighing both the evidence that supports and the evidence that detracts from the

14  ALJ's conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be

15  affirmed simply by isolating a specific quantum of supporting evidence.'"

16  *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

17  Cir. 1998)).  If the evidence can reasonably support either affirming or reversing

18  the ALJ's decision, the reviewing court "'may not substitute its judgment for that

19  of the ALJ.'"  *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.

20  1992)).

21                                  **IV.**

22                              **DISCUSSION**

23  A.    **The ALJ Must Consider the Newly Submitted Evidence**

24      Plaintiff argues that the ALJ and Appeals Council failed to properly

25  consider the opinions of his treating physicians, Dr. Montenegro and Dr. Houpt.

26  P. Mem. at 4-8.  Specifically, plaintiff contends that the Appeals Council failed to

27  provide specific and legitimate reasons for rejecting these opinions.  Further, in

28

1    substance, plaintiff argues that the newly submitted evidence rendered the ALJ's

2    decision unsupported by substantial evidence.

3        If a claimant submits new and material evidence to the Appeals Council, the

4    Appeals Council "shall consider the additional evidence only where it relates to

5    the period on or before the date of the hearing decision." 20 C.F.R. §§ 404.970(b),

6    416.1570(b). "[W]hen the Appeals Council considers new evidence in deciding

7    whether to review a decision of the ALJ, that evidence becomes part of the

8    administrative record, which the district court must consider when reviewing the

9    Commissioner's final decision for substantial evidence." *Brewes v. Comm'r*, 682

10   F.3d 1157, 1163 (9th Cir. 2012).

11       After the ALJ's hearing decision, petitioner submitted additional evidence

12   for the Appeals Council to consider: (1) a Medical Opinion re Ability to do Work-

13   Related Activities by Dr. Montenegro dated February 21, 2012; and (2) a Mental

14   Impairment Questionnaire completed by Dr. Houpt dated December 19, 2012. AR

15   at 306-07; P. Mem., Ex. 1. Both physicians worked at Upland Community

16   Counseling, where plaintiff received treatment. In its denial of plaintiff's request

17   for review, the Appeals Council rejected Dr. Montenegro's opinion on the bases

18   that it was not supported by record, the check-box form "was not accompanied by

19   an adequate explanation or justification," and it was only purportedly completed

20   by Dr. Montenegro but lacked a signature and date. AR at 2. The Appeals

21   Council also found that Dr. Houpt's opinion did not relate back to the relevant

22   period and did not consider it. Therefore, the Appeals Council did not make Dr.

23   Houpt's opinion a part of the record.

24       1.    **Dr. Houpt**

25       Plaintiff contends that the ALJ erred in failing to consider Dr. Houpt's

26   opinion because it was dated after the hearing decision. P. Mem. at 5. In the

27   Mental Impairment Questionnaire dated December 19, 2012, Dr. Houpt diagnosed

28

1  plaintiff with attention deficit hyperactivity disorder, mood disorder, learning

2  disability, and traumatic brain injury cognitive impairment.  *Id.*, Ex. 1.  Dr. Houpt

3  opined that plaintiff would have marked difficulties in maintaining social

4  functioning, frequent deficiencies of concentration, persistence or pace, and

5  repeated episodes of deterioration.  *See id.*

6        The Appeals Council found that Dr. Houpt's opinion did not relate back to

7  the period before the hearing decision because it was dated eleven months after the

8  hearing decision, and thus did not consider that opinion.  *See* AR at 2.  But

9  nothing in Dr. Houpt's opinion suggests that it was limited to the period after the

10  hearing decision.  To the contrary, Dr. Houpt stated that he started treating

11  plaintiff in February 2010, which suggests that his opinion applied from that date

12  and thus related back to the relevant period.  *See* P. Mem., Ex. 1; *Taylor v.*

13  *Comm'r*, 659 F.3d 1228, 1232 (9th Cir. 2011) ("[M]edical evaluations made after

14  the expiration of a claimant's insured status are relevant to an evaluation of the

15  preexpiration condition.") (quoting *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir.

16  1996) (as amended) (internal quotations omitted)).  *See, e.g., Handy v. Colvin*,

17  2014 WL 4895678, at *2-*3 (C.D. Cal. Sept. 30, 2014) (finding the Appeals

18  Council erred when it rejected records dated post-hearing because the records

19  comment on the claimant's condition prior to the hearing); *Ward v. Colvin*, 2014

20  WL 4925274, at *3 (E.D. Cal. Sept. 30, 2014) (treating physician's opinion related

21  back to the period before the hearing decision because it was based, in part, on

22  treatment during the relevant period).

23        Thus, the Appeals Council erred in failing to consider Dr. Houpt's opinion.

24  "Where the Appeals Council was required to consider additional evidence, but

25  failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its

26  decision in light of the additional evidence."  *Taylor*, 659 F.3d at 1233.

27

28

1

2. **Dr. Montenegro**

2      Plaintiff asserts that the Appeals Council also improperly rejected Dr.

3  Montenegro's opinion.  P. Mem. at 5, 7.  In the opinion dated February 21, 2012,

4  Dr. Montenegro purportedly opined that plaintiff would have a limited but

5  satisfactory ability to ask simple questions or request assistance, but had severe

6  limitations or was "unable to meet competitive standards" in every other category

7  of abilities to perform unskilled or semi-skilled work.  AR at 306-07.

8      Here, the Appeals Council specifically stated that it considered Dr.

9  Montenegro's opinion but found that it did not provide a basis for changing the

10  ALJ's decision.  *See id.* at 2.  The Appeals Council noted that Dr. Montenegro

11  neither signed nor dated the opinion.  *Id.*  Instead, Dr. Than Myint, who also

12  worked at Upland Community Counseling, reviewed and signed the form, writing

13  that Dr. Montenegro completed it.  *See id.* at 2, 307.  The Appeals Council also

14  found that the opinion was not supported by the record and unaccompanied by an

15  adequate explanation for the assessments.  *See id.* at 2.  Finally, the Appeals

16  Council determined that Dr. Montenegro's opinion did not warrant changing the

17  ALJ's decision.  *Id.*  Because the Appeals Council considered Dr. Montenegro's

18  opinion, which related back to the relevant period, there was no error with respect

19  to its duty to consider newly submitted evidence.

20      Plaintiff argues that the reasons cited for rejecting Dr. Montenegro's

21  opinion were not specific and legitimate.  P. Mem. at 7.  *See Lester*, 81 F.3d at 830

22  (the ALJ must provide specific and legitimate reasons supported by substantial

23  evidence for rejecting a treating physician's opinion that is contradicted by other

24  opinions).  If plaintiff's argument is solely that the Appeals Council erred, then

25  this court lacks jurisdiction to review the denial.  *See Brewes*, 682 F.3d at 1161 (a

26  district court "do[es] not have jurisdiction to review a decision of the Appeals

27  Council denying a request for review of an ALJ's decision, because the Appeals

28

8

1   Council decision is a non-final agency action"); *Taylor*, 659 F.3d at 1231 ("When

2   the Appeals Council denies a request for review, it is a non-final agency action not

3   subject to judicial review because the ALJ's decision becomes the final decision of

4   the Commissioner."). But here, plaintiff effectively is arguing that with this newly

5   submitted evidence the ALJ's decision was no longer supported by substantial

6   evidence. *See* P. Mem. at 5 n.2.

7       Thus, the question is whether there is a reasonable possibility that the newly

8   submitted evidence would have changed the ALJ's RFC determination. In

9   reaching her RFC determination, the ALJ gave great weight to the opinions of Dr.

10  Alexis Meshi, a consultative examiner, Dr. Joseph Malancharuvil, a medical

11  expert, and Dr. Kim Goldman, a consultative examiner. *See* AR at 30-33. All

12  three physicians opined mild to moderate non-exertional limitations. *See id.* The

13  ALJ reviewed plaintiff's treatment notes from April 29, 2011 through October 19,

14  2011, and noted that they did not show "abnormalities that reflect a disabling

15  condition." *Id* at 30.

16      Having carefully reviewed the record and the newly submitted medical

17  evidence, the court finds that there is a reasonable possibility that the new

18  evidence, if given great weight, would have changed the ALJ's RFC

19  determination. Specifically, contrary to the mild and moderate limitations opined

20  by the consultative physicians and medical expert, Dr. Montenegro opined marked

21  limitations. Dr. Montenegro opined that plaintiff would be unable to meet

22  competitive standards in most categories of abilities, including his ability to

23  remember work-like procedures, sustain an ordinary routine without special

24  supervision, and complete a normal workday and workweek without interruptions

25  from psychologically based symptoms. P. Mem., Ex. 1. Taking into consideration

26  all of plaintiff's treatment notes from Upland Community Counseling, as opposed

27  to selectively citing notes from a six-month period as the ALJ did, the notes may

28

support Dr. Montenegro's opined limitations as they reflect that plaintiff was nervous around other people, isolated himself from others, and had poor concentration.  *See, e.g.*, *id.* at 340-47.  Consequently, Dr. Montenegro's opinion is material.

Accordingly, the Appeals Council erred by failing to consider Dr. Houpt's opinion.  In addition, in light of the newly submitted evidence including Dr. Montenegro's opinion, the ALJ's RFC determination is not supported by substantial evidence.

**B.    The ALJ Erred in Failing to Consider Lay Testimony**

Plaintiff argues that the ALJ erred because he failed to consider his father's testimony.  P. Mem. at 8-10.  Specifically, plaintiff contends that the ALJ must provide germane reasons for rejecting lay testimony.

"[L]ay testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment."  *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks, ellipses, and citation omitted); *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also* 20 C.F.R.§§ 404.1513(d)(4), 416. 913(d)(4) (explaining that the Commissioner will consider all evidence from "non-medical sources[,]" including "spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy").  The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness."  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *see Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and give reasons germane to each witness for doing so.").

At the hearing, plaintiff's father testified that plaintiff had difficult

1   concentrating for more than five minutes, had poor memory, struggled with buying

2   things off a grocery list, and could not hold a job due to his need for constant

3   supervision. *See* AR at 114-19. The ALJ did not discuss or even acknowledge

4   plaintiff's father's testimony in her decision, much less provide a germane reason

5   for discounting it. *See* AR at 23-35. Therefore, the ALJ erred. *See Molina v.*

6   *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (finding ALJ erred because "lay

7   witness testimony *cannot* be disregarded without comment") (citation and internal

8   quotation marks omitted).

9         Defendant acknowledges this error, but argues that it is harmless because

10   the ALJ's reasons for discounting plaintiff's credibility would also apply to his

11   father's testimony. D. Mem. at 4-6 (citing *Molina*, 674 F.3d at 1117, and

12   *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)). But this is not a case such

13   as *Molina* or *Valentine* in which the ALJ recognized the lay witness testimony,

14   and the issue was whether the ALJ sufficiently articulated or justified the rejection

15   of that lay testimony. *See Molina*, 674 F.3d at 1115-17; *Valentine*, 574 F.3d at

16   693-94. Here, the ALJ did not even acknowledge the existence of plaintiff's

17   father's testimony. Such error is not harmless unless this court "can confidently

18   conclude that no reasonable ALJ, when fully crediting the testimony, could have

19   reached a different disability determination." *Stout*, 454 F.3d at 1056. In light of

20   the nature of plaintiff's father's testimony, the court cannot so conclude here.

21         Accordingly, the ALJ erred in disregarding the lay testimony of plaintiff's

22   father, and such error was not harmless.

23                                         **V.**

24                         **REMAND IS APPROPRIATE**

25         The decision whether to remand for further proceedings or reverse and

26   award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

27   888 F.2d 599, 603 (9th Cir. 1989). It is appropriate for the court to exercise this

28

1    discretion to direct an immediate award of benefits where: "(1) the record has been
2    fully developed and further administrative proceedings would serve no useful
3    purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting
4    evidence, whether claimant testimony or medical opinions; and (3) if the
5    improperly discredited evidence were credited as true, the ALJ would be required
6    to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020
7    (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with
8    instructions to calculate and award benefits).  But where there are outstanding
9    issues that must be resolved before a determination can be made, or it is not clear
10   from the record that the ALJ would be required to find a plaintiff disabled if all the
11   evidence were properly evaluated, remand for further proceedings is appropriate.
12   *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*,
13   211 F.3d 1172, 1179-80 (9th Cir. 2000).  In addition, the court must "remand for
14   further proceedings when, even though all conditions of the credit-as-true rule are
15   satisfied, an evaluation of the record as a whole creates serious doubt that a
16   claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

17          Here, as set out above: the Appeals Council failed to consider Dr. Houpt's
18   opinion; the ALJ's RFC determination was no longer based on substantial
19   evidence with the addition of Dr. Houpt's and Dr. Montenegro's opinions, which
20   the ALJ did not have an opportunity to consider; and the ALJ failed to consider
21   plaintiff's father's testimony.  These outstanding issues require remand.  On
22   remand, the ALJ shall:  consider Dr. Houpt's and Dr. Montenegro's opinions and
23   either credit their opinions or provide specific and legitimate reasons supported by
24   substantial evidence for rejecting them; and consider plaintiff's father's testimony
25   and either credit his testimony or provide germane reasons for rejecting it.  The
26   ALJ shall then proceed through steps four and five to determine what work, if any,
27   plaintiff is capable of performing.

28

# VI.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: December 11, 2014

SHERI PYM
United States Magistrate Judge

13